UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE PARISIENNE,

                      Plaintiff,

- against -

TOMORROW, TODAY ENTERTAINMENT, INC.

                      Defendant.

Docket No. 1:18-cv-341

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Theodore Parisienne ("Parisienne" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Tomorrow, Tomorrow Entertainment, Inc., ("Tomorrow" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of three copyrighted photograph of a crime scene, owned and registered by Parisienne, a New York based professional photographer. Accordingly, Parisienne seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Parisienne is a professional photographer in the business of licensing his photographs to online and print media for a fee, having a usual place of business at 159 Martin Luther King, Jr. 2nd Floor, Brooklyn, New York 11206.

6. Upon information and belief, Tomorrow is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 601 Lexington Avenue, Suite 3400, New York, New York 10022.  Upon information and belief, Tomorrow is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Tomorrow has owned and operated a website at the URL:www.thisis50.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7. Parisienne photographed a crime scene after a gang member shot two NYPD officers (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8. Parisienne is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with the United States Copyright Office and were given Copyright Registration Number VA 1-945-435.

**B.  Defendant's Infringing Activities**

10. Tomorrow ran an article on the Website entitled *Suspect BGF Gang Member Ismaaiyl Abdullah Brinsley Makes IG Threats Before Killing 2 NYC Cops I'm Putting Pigs in a Blanket"*. See http://www.thisis50.com/profiles/blogs/suspected-bgf-gang-member-ismaaiyl-abdullah-brinsley-makes-ig. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

11. Parisienne then licensed the Photographs to the New York Daily News. On December 21, 2014, the New York Daily News ran an article that featured the Photographs entitled *Two NYPD Officers 'assassinated' while sitting in patrol car in Brooklyn by gunman who boasted on Instagram about revenge killing cops*. Parisienne name was featured in a gutter crediting identifying him as the photographer of the Photographs. A true and correct copy of the article is attached hereto as Exhibit B.

12. Tomorrow did not license the Photographs from Plaintiff for its article, nor did Tomorrow have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TOMORROW)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

14. Tomorrow infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Tomorrow is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Tomorrow have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TOMORROW
## (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

22. When the Photograph was published in the article in The New York Daily News, it contained a gutter credit underneath the Photograph stating "Theodore Parisienne" which is considered copyright management information under 17 U.S.C. § 1202(b).

23. Upon information and belief, in its article on the Website, Tomorrow copied the Photograph from The New York Daily News and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

24. The conduct of Tomorrow violates 17 U.S.C. § 1202(b).

25. Upon information and belief, Tomorrow's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Tomorrow intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Tomorrow also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

27. As a result of the wrongful conduct of Tomorrow as alleged herein, Plaintiff is entitled to recover from Tomorrow the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Tomorrow because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28. Alternatively, Plaintiff may elect to recover from Tomorrow statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Tomorrow be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Claire be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

      Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
         January 12, 2017

                                          LIEBOWITZ LAW FIRM, PLLC

                                          By: /s/Richard Liebowitz
                                               Richard P. Liebowitz
                                          11 Sunrise Plaza, Suite 305
                                          Valley Stream, NY 11580
                                          Tel: (516) 233-1660
                                          RL@LiebowitzLawFirm.com

                                          *Attorneys for Plaintiff Theodore Parisienne*